IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01965-WYD-PAC

KIMBERLY MITCHAM,

    Plaintiff(s),

v.

LUCHT'S CONCRETE PUMPING, INC.,

    Defendant(s).

---

**ORDER**

---

THIS MATTER is before the Court on Defendant Lucht's Concrete Pumping, Inc.'s Motion to Dismiss, filed November 22, 2005, and Plaintiff's Motion to File First Amended Complaint, filed December 25, 2005.  For the reasons set forth herein, Defendant's Motion to Dismiss is **DENIED**, and Plaintiff's Motion to File First Amended Complaint is **GRANTED**.

Plaintiff commenced this action on October 10, 2005, alleging violations of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 ("ADA").  In her Complaint, Plaintiff alleges that she properly filed her charge of discrimination with the Colorado Division of Civil Rights and, through a work-sharing agreement, simultaneously with the U.S. Equal Employment Opportunity Commission Denver District Office ("EEOC"), and that her Complaint was filed with 90-days of receipt of her "Notice of Right to Sue."

Defendant filed a Motion to Dismiss asserting that while Plaintiff filed her charge of discrimination with the Colorado Division of Civil Rights on or about April 24, 2004, which was later referred to the EEOC for review and Notice of Right to Sue issuance, as of the date of the filing of her Complaint, Plaintiff had not yet been issued a Notice of Right to Sue by the EEOC, rendering her Complaint premature and not within the jurisdiction and venue of this Court.  Defendant acknowledged that it recently received a copy of Plaintiff's Notice of Right to from the EEOC, dated November 3, 2005, but nevertheless contends that the Complaint should be dismissed because this Court lacked jurisdiction over Plaintiff's claims at the time her Complaint was filed.

Plaintiff filed a Response to the Motion to Dismiss on December 25, 2005, as well as her First Amended Complaint, in which she makes reference to the November 3, 2005, Notice of Right to Sue from the EEOC.  In her Response, Plaintiff states that although she filed her initial Complaint prior to receiving her Notice of Right to Sue from the EEOC, she did receive a Right to Sue letter from the Colorado Civil Rights Division on or about July 19, 2005, and that the Colorado Civil Rights Division and the EEOC have a work-sharing agreement pursuant to which the actions of one constitute the actions of the other.  In addition, Plaintiff maintains that the filing of her First Amended Complaint cures any deficiencies in her original Complaint.

Exhaustion of administrative remedies under the ADA is a jurisdictional prerequisite to suit in the Tenth Circuit.  *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002); 42 U.S.C. § 12117(a).  Plaintiff did not fully exhaust her administrative remedies until she received her "Notice of Right to Sue" from the EEOC

authorizing her to bring a civil action within 90 days from receipt of the Notice. 42 U.S.C. § 2000e-5(f)(1).  Plaintiff cites no authority to support her assertion that because of the work-sharing agreement between the Colorado Civil Rights Division and the EEOC, receipt of a Right to Sue letter from the Colorado Civil Rights Division triggers the 90 day limitation period set forth in § 2000e-5(f)(1).  However, Defendant has indicated that it has no objection to Plaintiff's Motion to File First Amended Complaint, and I agree with Plaintiff that the filing of her First Amended Complaint effectively cures the defect in the original Complaint.  *See Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991) (receipt of right to sue letter after complaint was filed but before it was dismissed effectively cured the deficiency in the original complaint); *see also Regional Trans. Dist. v. Lopez*, 916 P.2d 1187, 1195-96 (Colo. 1996).  Based on the allegations in the First Amended Complaint, I find that Plaintiff has exhausted her administrative remedies and is entitled to seek redress under the ADA in this case.  For the reasons set forth herein, it is hereby,

ORDERED that Plaintiff's Motion to File First Amended Complaint, filed December 25, 2005, is **GRANTED**.  It is

FURTHER ORDERED that Defendant Lucht's Concrete Pumping, Inc.'s Motion to Dismiss, filed November 22, 2005, is **DENIED**.

Dated:  January 13, 2006

                                             BY THE COURT:

                                             s/ Wiley Y. Daniel
                                             Wiley Y. Daniel
                                             U. S. District Judge